IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND ADAMS,

    Plaintiff,                              No. CIV S-05-2204 DFL JFM P

    vs.

THE COUNTY OF SACRAMENTO, et al.,

    Defendants.                           ORDER

_____/

        Plaintiff is a federal prisoner proceeding in propria persona and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On July 10, 2006, plaintiff filed a motion to compel responses to certain discovery requests. Defendants have filed an opposition.

        Defendants' objections that plaintiff failed to comply with Local Rule 37-251 are overruled. The court previously ordered that Local Rule 37-251 shall not apply unless expressly ordered. (April 11, 2006 Order at 2.)

        Plaintiff seeks an order compelling defendants to produce documents responsive to certain requests in two requests for production of documents. The court will address the requests seriatim.

/////

/////

1

1         <u>Set One, Request for Production No. 3</u>:

2         <u>Request</u>:  All government audits that includes citations for violation of both State and Federal law, rules or regulation between January 01, 2000 and December 31, 2005.

4         <u>Response</u>:  Objection.  This request is vague and ambiguous as to "[a]ll government audits."  This request is also overbroad, burdensome, and oppressive in requesting the time period of January 1, 2000 through December 31, 2005.  Further, this request is not made with reasonable particularity as to the documents sought.  This request is not reasonably calculated to lead to the discovery of admissible evidence.

8 (Defts.' Opp'n. at 4.)

9         Plaintiff contends that this request is specific because it seeks audits from the Sacramento County Jail and the audits would reveal violations of state and federal laws. Defendants' objection that this request is overbroad is well taken.  Plaintiff did not seek only those audits pertinent to claims raised in the complaint.  Petitioner did not identify which claims these audits might be relevant to or explain how these audits would lead to the discovery of relevant evidence.  Plaintiff's motion to compel further response to request no. 3 will be denied.

15         <u>Set One, Request for Production No. 4</u>:

16         <u>Request</u>:  All information related to lawsuits that resulted in settlements or verdicts against Sacramento County Jail, and all court ordered injunctions between January 01, 2000 and December 31, 2005.

19         <u>Response</u>:  Objection. "All information" is overbroad, vague, not properly limited in scope, not made with reasonable particularity as to the documents sought, and is unreasonably burdensome and oppressive.  Further, this request seeks information protected from disclosure by the attorney-client and attorney work product privileges and the official information privilege.  This request seeks information that is protected from disclosure pursuant to the right to privacy guaranteed under the constitutions of the United States and the State of California.  This request is not reasonably calculated to lead to the discovery of admissible evidence.  This request also includes documents equally available to the requesting party.

25 (Defts.' Opp'n at 4-5.)

26 /////

1   Plaintiff contends the request is not overbroad because "the County of Sacramento has settled numerous lawsuits relating to Sacramento County Jail operations and . . . there have been court-ordered injunctions." (Pl.'s Reply at 2.) Defendants' objections are well taken. Plaintiff has again failed to narrow his request to lawsuits pertinent to claims raised in the instant complaint. Plaintiff's request for "all information" is overbroad. As written, defendants would be required to produce entire litigation files. The instant lawsuit does not cover all Sacramento County Jail operations, and not all lawsuits against the jail are limited to the claims raised herein. Moreover, certain of the documents sought are a matter of public record and can be obtained by plaintiff directly from the court.[1]

Defendants' objections to Request No. 4 are sustained. Plaintiff's motion to compel further response will be denied.

<u>Set One, Request for Production No. 6</u>:

<u>Request</u>:  All Incident Reports relating to inmate on inmate attacks (fights) from June 17, 2002 to April 12, 2005 that occurred on the Fourth Floor, West Wing, 100 Pod (4 West 100); including the "Shakedowns" and the names of all officers involved.

<u>Response</u>:  Objection. This request is overbroad, burdensome, and oppressive in requesting documents from June 17, 2002 through April 12, 2005. Requesting all incident reports from "inmate on inmate attacks" from this time period is not reasonably calculated to lead to the discovery of admissible evidence. Also, request the names of officers involved is not a document request and is thus an improper use of this discovery tool.

(Defts.' Opp'n. at 5.)

Plaintiff contends that these reports are relevant because the "unlawful strip searches alleged in the complaint happened several times after the fight incidents." (Pl.'s Reply

/////

---

[1] The record reflects plaintiff is aware of one such lawsuit as he references it in his complaint. (<u>Id.</u> at 5.) In addition, plaintiff affirmatively opted out of the class action lawsuit addressing strip searches at the Sacramento County Jail. (<u>Id.</u> at 18.)

3

at 3.) Plaintiff argues that this information will also help identify some of the officers and the time frame of the events.

In his complaint, plaintiff alleges that from June 17, 2000 to March 10, 2003, plaintiff was subjected to unlawful strip searches on approximately five different occasions. It is likely, however, that there were more than five fights on the Fourth Floor, West Wing between June 17, 2000 and March 10, 2003. Plaintiff states that the strip searches occurred "several times" after the fight incidents; presumably strip searches occurred at other times as well. Plaintiff does not state, either in his complaint or in the instant motion, that strip searches were always conducted after every fight.

It is also unclear on the present record whether the incident reports plaintiff seeks would provide evidence that strip searches were carried out after the fight. Usually incident reports are forms used to document the details of the fight and would describe the participants thereto. It is not clear that these incident reports would reflect subsequent strip searches of the population of Fourth Floor, West Wing.

Finally, defendants' objection to the request for officers' names is sustained. Requesting names of officers involved is not a document request.

Plaintiff's motion to compel further response to Request No. 6 will be denied.

Set Two, Request for Production No. 2:

Request: The record of all inmates on the Fourth Floor, West Wing, 100 Pod between June 17, 2002 and March 12, 2005.

Response: Objection. This request is overbroad, burdensome, and oppressive in that the time period of June 17, 2002 through March 12, 2005 is unreasonable in scope; also, "the record of all inmates" is vague and ambiguous; also, due to the over-breadth, the request is not reasonably calculated to lead to the discovery of admissible evidence.

(Defts.' Opp'n at 5-6.)

Plaintiff argues that "record of all inmates" refers to booking information, which plaintiff contends is not confidential because it is "routinely given to the media." (Pl.'s Reply at

3.) However, defendants' objections are well taken. The term "record" is ambiguous and not sufficiently defined in the request to put defendants on notice as to the documents plaintiff sought. Plaintiff's motion to compel further response to Request No. 2 will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 10, 2006 motion to compel discovery is denied.

DATED: September 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001
adam2204.mtc