IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND ADAMS,

    Plaintiff,                    No. CIV S-05-2204 LKK JFM P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prison inmate, presently incarcerated at the McRae Correctional Facility in Georgia, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises various claims concerning conditions while he was held at the Sacramento County Main Jail. On January 19, 2007, plaintiff filed a motion for summary judgment only as to his claims that he was allegedly subjected to five unlawful group strip searches.[1]

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Defendants refer to these searches as "visual strip searches." Plaintiff refers to them as "group strip searches." It appears "that there is a spectrum of possible search practices, including strip searches and visual body cavity searches, that fall within the general rubric of "strip searches." Bull v. City & County of San Francisco, 2006 WL 449148, n.2 (N.D. Cal. 2006). Such distinctions are not relevant to this analysis.

1

>Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 US. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On January 17, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

/////

FACTS

Plaintiff was arrested by the United States Secret Service on June 17, 2002, based on a federal warrant, and charged with conspiracy to commit mail and wire fraud and international money laundering, a felony. On December 19, 2002, plaintiff was charged with making a false statement at his naturalization hearing on May 31, 2001. Plaintiff pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and to conspiracy to launder money, in violation of 18 U.S.C. § 1001. United States v. Adams, No. 05-10175, 2 (9th Cir. 2006)(See Case No. 02cr0257 EJG (Docket No. 144).[2] The district court's forfeiture order was vacated and remanded for further proceedings; plaintiff's convictions were otherwise affirmed. (Id.)

Defendants are County of Sacramento, the Sacramento County Sheriff's Department and an unspecified Sacramento County Jail Commander.

Plaintiff alleges that from June 17, 2002 to about March 10, 2003, he was subjected to unlawful strip searches on five different occasions. (Pl.'s Mot. at 2.) The first search was on June 17, 2002, at booking, in a "group setting of other detainees." (Id., Pl.'s Decl. at 1.) The second and third strip searches occurred between July and December 2002, "following a fight between two other detainees." (Id.) Plaintiff contends he was not a party to the fight, but that all remaining detainees were searched after the offending detainees were removed. (Id.) The fourth search was in December 2002, following visit with plaintiff's counsel. (Id.) Plaintiff was the only one strip searched on this occasion, but his search was witnessed by other detainees and staff. (Id.) The fifth time, plaintiff was strip search ed in a group of other detainees returning from federal court. (Id., Pl.'s Decl. at 2.)

ANALYSIS

Plaintiff contends he is entitled to judgment as a matter of law pursuant to Bull v.

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

County of Sacramento, Sacramento Superior Court Case No. 01AS01545, a class action in which the state court approved the parties' settlement.

Defendants oppose plaintiff's motion for summary judgment on several grounds: First, plaintiff failed to provide authentication for the deposition transcript portions on which plaintiff relied and the newspaper clippings plaintiff provided are also unauthenticated. Second, plaintiff failed to provide a statement of undisputed facts as required by Local Rule 56-260. Third, plaintiff failed to provide evidence that his constitutional rights were violated. Rather, plaintiff relies solely on the broad theory that all group strip searches are unlawful. Fourth, plaintiff provided no evidence that County policy was behind the searches of plaintiff. Fifth, plaintiff failed to provide evidence that he sustained damages as a result of the five strip searches at issue here.

The Supreme Court reviewed the constitutionality of the practice of conducting visual body-cavity searches on prison inmates following contact visits by individuals from outside of the prison population. See Bell v. Wolfish, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." Id. at 559. Rather, "[i]n each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Id. In each case, the court must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Id. Ultimately, the Court found the search practice was valid given the severity of the charges, the significant risks of smuggling contraband posed by contact visits, and the significant interest in preserving safety within the detention facility. Id.

Since Bell v. Wolfish, the Ninth Circuit has addressed the lawfulness of strip searches in cases involving pre-arraignment arrestees. Initially, the court announced the governing standard that "arrestees for minor offenses may be subjected to a strip search only if jail officials have a reasonable suspicion that the particular arrestee is carrying or concealing

1  contraband or suffering from a communicable disease." Giles v. Ackerman, 746 F.2d 614. 615
2  (9th Cir.1984) (per curiam) (overruled on other grounds by Hodgers-Durgin v. de la Vina, 199
3  F.3d 1037, 1041 (9th Cir.1999) (en banc)).  Factors such as "the nature of the offense, the
4  arrestee's appearance and conduct, and the prior arrest record," Giles, 746 F.2d at 617, determine
5  reasonable suspicion.  The Giles court concluded that the policy of the Bonneville County Jail in
6  Idaho, to strip search all arrestees booked there was not proper in light of the institution's
7  security.  Id. at 617.  The court found there was no reasonable suspicion to support the search of
8  Giles because she had no prior record, was charged with failure to pay parking tickets, a minor
9  offense, and she had been cooperative during the search.  Id. at 618.  The Giles court also
10 distinguished Wolfish, noting that because arrest and confinement are unplanned, a blanket strip
11 search policy on booking is ineffective to the law enforcement objectives of preventing
12 contraband from entering the county jail.

13         Subsequent Ninth Circuit authority continues to reaffirm the individualized
14 reasonable suspicion standard laid out by Giles.  Ward v. County of San Diego, 791 F.2d 1329,
15 1333 (9th Cir.1986)(no qualified immunity for a San Diego County Sheriff who enacted a
16 blanket strip search policy which resulted in the visual body cavity search of a misdemeanor
17 arrestee prior to a determination regarding the arrestee's eligibility for an own recognizance
18 ("O.R.") release –"In most instances the unreasonableness of a strip search conducted prior to an
19 O.R. release determination is plain." Thompson v. City of Los Angeles, 885 F.2d 1439, 1447
20 (9th Cir.1989)(strip search of a felony grand theft auto arrestee at the Los Angeles County Jail
21 was valid based on the charge alone, stating that the offense in question was "sufficiently
22 associated with violence to justify a visual strip search." )  Id. at 1447.  But see Kennedy v. Los
23 Angeles Police Dept., 901 F.2d 702, 710-16 (9th Cir.1990) (impliedly overruled on other
24 grounds by Hunter v. Bryant, 502 U.S. 224 (1991) (per curiam)) (where Kennedy arrested for
25 grand theft that did not involve drugs or violence, blanket policy of City of Los Angeles to
26 subject all felony arrestees to a visual body cavity search was unconstitutional).  The Kennedy

1  court found the severity of the charge bore no reasonable relationship to institutional security
2  concerns. Id. at 713 (in order for the enacted policy to be constitutional, it "must be 'reasonably
3  related' to the penal institution's interest in maintaining security.")

4  In 1991, the Ninth Circuit addressed the reasonableness of a warrantless strip
5  search and full visual inspection of the vagina and rectum of a person suspected of theft of a ring
6  from a jeweler. Fuller v. M.G. Jewelry, 950 F.2d 1437 (9th Cir.1991). The Fuller court
7  explained that strip searches in detention facilities are justified on less than probable cause solely
8  by the need "to protect prisons and jails from smuggled weapons, drugs or other contraband
9  which pose a threat to the safety and security of penal institutions." Id. at 1447. "[S]trip and
10 body cavity searches of detainees may be conducted based on reasonable suspicion only where
11 such searches are necessary to protect the overriding security needs of the institution-that is,
12 where officials have a reasonable suspicion that a particular detainee harbors weapons or
13 dangerous contraband." Id. Because the search of the Fullers was not performed to maintain jail
14 security, the court refused to extend the reasonable suspicion standard to body cavity searches for
15 ordinary stolen property and found the strip search invalid. Id. at 1450.

16 Recently the Ninth Circuit applied the Bell v. Wolfish test to find unconstitutional
17 a strip search of an arrestee, performed pursuant to a blanket policy, where the arrestee was
18 arrested on a charge of being under the influence of a controlled substance. Way v. County of
19 Ventura, 445 F.3d 1157 (9th Cir.2006), cert. denied, ___ U.S. ___, 127 S.Ct. 665 (2006).

20 Defendants' argument concerning authentication of plaintiff's deposition
21 transcript is overruled. In order to survive a motion for summary judgment, a pro se party is not
22 required to produce evidence in a form that will be admissible at trial and need only offer
23 evidence that may be transformed into admissible evidence at trial. Fraser v. Goodale, 342 F.3d
24 1032, 1036-37 (9th Cir.2003), cert. denied sub nom. U.S. Bancorp v. Fraser, 541 U.S. 937 (2004)
25 (holding that the district court properly considered a diary which defendants moved to strike as
26 inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the

admissibility of the evidence's form. We focus instead on the admissibility of its contents"). Defendants have lodged the transcript from the July 10, 2006 deposition along with the appropriate certification. Plaintiff's condensed version contains cross-reference to the page numbers of the complete version of the deposition transcript and matches the deposition date of July 10, 2006. (Compare Pl.'s Ex. C to Defts.' Ex. A.) Plaintiff's condensed version also contains plaintiff's name and the same reference number A004ED8 as contained in the official deposition transcript and the portions appended to defendants' counsel's declaration. (Ryan Decl., Ex. A.) Defendants' objections are overruled.

Defendants' objection to the admission of the newspaper clippings is sustained. These clippings have not been considered in this opinion.

Plaintiff's motion for summary judgment is deficient based on plaintiff's failure to include a statement of undisputed facts as required by Local Rule 56-260. In addition, plaintiff's reliance on Bull v. County of Sacramento is unavailing. The existence of a settlement in a state court class action involving minor or juvenile misdemeanants and pre-arraignment strip searches does not establish, in this lawsuit, that defendants had a strip search policy in place that violated plaintiff's constitutional rights during the five strip searches at issue here. Plaintiff is required to provide evidence of the existence of such a policy during his pretrial detention and apply the standards binding on this court, as expressed by the United States Supreme Court and the Ninth Circuit Court of Appeals. The evidence provided by plaintiff, primarily his personal declaration and excerpts from his deposition, do not demonstrate that plaintiff, as a matter of law, is entitled to summary judgment on his strip search claims. Plaintiff must provide specific evidence concerning the details surrounding each search to enable the court to engage in the balancing and analysis required under Wolfish, Giles and Kennedy, *supra*. Finally, plaintiff is cautioned that he has failed to establish that defendants' had a strip search policy in place requiring him to be strip-searched each of the five times he was searched. Monell v. Department of Social Services, 436 U.S. 658 (1978). In Monell, the Supreme Court held that if the "execution of a government's

1  policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
2  said to represent official policy, inflicts the injury [then] the government as an entity is
3  responsible under § 1983." Id. at 694.  To establish such municipal liability, a plaintiff must
4  satisfy four conditions:

> (1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'

Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir.1996) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992) (citation omitted)).  Plaintiff has failed to demonstrate at least three of those conditions in the instant motion.  Accordingly, plaintiff's motion for summary judgment should be denied.

For all of the above reasons, IT IS HEREBY RECOMMENDED that plaintiff's January 19, 2007 motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; adam2204.msj

9